United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WEBSEED, INC., et al.,<br>Plaintiffs,<br>v.<br>DEPARTMENT OF STATE, et al.,<br>Defendants. | Case No. 25-cv-03020-AMO<br>**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION & DENYING MOTION TO ABATE DEADLINES**<br>Re: Dkt. Nos. 202, 203 |
| CANCER STEP OUTSIDE THE BOX, LLC, et al.,<br>Plaintiffs,<br>v.<br>DEPARTMENT OF STATE, et al.,<br>Defendants. | Case No. 25-cv-07399-AMO<br>**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION & DENYING MOTION TO ABATE DEADLINES**<br>Re: Dkt. Nos. 185, 186 |

Before the Court is an identical motion for leave to file a motion for reconsideration in these two related cases. Plaintiffs request leave to seek reconsideration of the Court's order granting several motions to dismiss the amended complaints. *See, e.g.*, *Webseed*, Dkt. No. 199; *Cancer Step Outside The Box*, Dkt. No. 182 (orders granting motions to dismiss). The motions for leave are ripe for adjudication. *See* Civil L.R. 7-9(d) ("Unless otherwise ordered by the assigned Judge, no response need be filed and no hearing will be held concerning a motion for leave to file a motion for reconsideration.").

"Reconsideration is an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.' " *Gamevice, Inc. v. Nintendo Co.*, 677 F. Supp. 3d 1069, 1071 (N.D. Cal. 2023) (quoting *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003)). "As such, it should not be granted 'absent highly unusual circumstances.' " *Gamevice*, 677 F.

Supp. 3d at 1071 (quoting *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009)).

A party seeking reconsideration of an interlocutory court order in this District must first seek leave to file such a motion. Civil L.R. 7-9(a). The moving party must specifically show one of the following:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know of such fact or law at the time of the interlocutory order; or
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civil L.R. 7-9(b). A party seeking reconsideration may not reargue any written or oral argument previously asserted to the Court. Civil L.R. 7-9(c).

Here, Plaintiffs seek relief on the third potential basis on which a party may request leave to file a motion for reconsideration – that the Court manifestly failed to consider dispositive legal arguments presented to it before it granted the motions to dismiss. *See Webseed*, Dkt. No. 202; Civil L.R. 7-9(b)(3). Plaintiffs aver that the Court erred in its analysis related to Title 47 U.S.C. § 230. *Id.* at 2-5, 7-8. Plaintiffs additionally contend that the Court erred in its standing and Federal Rule of Civil Procedure 8 analyses. *Id.* at 6-8. The order granting the motions to dismiss expressly considered Plaintiffs' arguments on these issues. *See Webseed*, Dkt. No. 199 at 8-17 (discussing *Murthy v. Missouri*, 603 U.S. 43 (2024), and Plaintiffs' standing); 23-27 (analyzing application of Section 230 to bar liability where Plaintiffs seek to hold Platform Defendants liable for "publishing" activity; considering *California v. Meta Platforms, Inc.*, 186 F.4th 663 (9th Cir. 2026)); 27-28 (applying Rule 8 and granting dismissal of the shotgun pleading with leave to amend). Plaintiffs' motions for leave thus reargue both written and oral argument previously asserted to the Court in violation of Civil Local Rule 7-9(c), even relying on the same cases and the same contentions. Because Plaintiffs seek relief that does not comport with Civil Local Rule 7-9, the Court **DENIES** the motions for leave to file a motion for reconsideration.

Plaintiffs additionally move to abate the deadline within which to file further amended complaints. *See Webseed*, Dkt. No. 203; *Cancer Step Outside The Box*, Dkt. No. 186. Plaintiffs' request for abatement seeks to continue the deadline to amend based on the resolution of the motions for leave to file motions for reconsideration. Having denied those motions, no abatement is necessary. The Court therefore **DENIES** the motion to abate the deadline for Plaintiffs' further amended complaints. The deadline for the amended complaints remains October 28, 2026.

**IT IS SO ORDERED.**

Dated: October 9, 2026

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

United States District Court
Northern District of California